# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL JAMES GROMMET, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 20-cv-4058-JBM |
| | ) |
| ARAMARK and . ROBERT, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, pursues a § 1983 action alleging that Defendants have been deliberately indifferent by providing him a high soy diet. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff is a pretrial detainee who, with the exception of one month, has been held at the Rock Island County Jail ("Jail") since May 28, 2019. Plaintiff complains that the diet provided by Defendant Aramark Food Services and Defendant Robert, the Jail Food Supervisor, is primarily composed of pasta, bread and soy meat substitute. Plaintiff believes that the high soy diet may be the cause of his current back pain as that pain might be caused by kidney stones or kidney failure. Plaintiff also claims to have exhibited mood changes and growth of breast tissue

due to the diet. He has also experienced fatigue, weight gain; red, itchy eyes; and body rash possibly related to a thyroid disorder. Plaintiff does not clearly indicate whether the thyroid problems, too, are the result of the high soy diet.

Plaintiff claims that these changes have affected his self-esteem and have exacerbated his bipolar disorder. Plaintiff requests financial compensation for this "physical damage" and recoupment of the costs associated with the medical treatment he has received. This, despite the fact that the medical treatment has almost assuredly been provided by the Jail at no cost to him. Plaintiff also requests injunctive relief in the form of dietary changes and termination of the Aramark contract.

## ANALYSIS

Since Plaintiff is a pretrial detainee rather than convicted prisoner, his § 1983 claim is reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17 (2nd Cir. 2017). A detainee's Fourteenth Amendment claim is reviewed under an objective rather than subjective standard. *Miranda v. County of Lake*, 900 F.3d 335, 2018 WL 3796482, at *9 (7th Cir. 2018). Under this standard, a pretrial detainee need only establish that the defendant's conduct was objectively unreasonable, not that defendant was subjectively aware that it was unreasonable. *Id.* at *9. Even under the , objective standard, however, Defendant's actions must be deliberate, purposeful or knowing, negligence is not enough. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015).

Here, Plaintiff does not plead that he has been diagnosed with kidney or thyroid disease or has been told by a physician that his symptoms are suggestive of kidney or thyroid disease. Plaintiff does not claim that he has reported these symptoms to medical staff, or that a diagnostic work-up has been undertaken. Plaintiff alleges only that his back pain "might" be caused by

kidney problems which "might" be caused by soy, and that his red, itchy eyes and breast enlargement "might" be related to thyroid issues, without clearly pleading that the thyroid issues "might" be related to the soy diet.

Plaintiff merely pleads a myriad of symptoms and his unsupported belief that they are caused by soy in his diet. This is insufficient to state a claim as Plaintiff fails to plead a sufficient factual basis to "plausibly suggest" that he has a right to relief which rises "above a 'speculative level….'" *Ashcroft*, 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged...." *Id.* at 1949, *citing Bell Atlantic,* 550 U.S. 554, 555–56 (1986).

The complaint is DISMISSED for failure to state a claim. Plaintiff will be given an opportunity, however, to replead. He is placed on notice that he must provide some medical documentation or corroboration to allow a reasonable inference that his symptoms are related to soy in his diet.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead his claims. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2. Plaintiff files [4] a motion for recruitment of pro bono counsel and attachments at [8]. Plaintiff indicates that he has received declination letter from one attorney's office and is waiting to hear back from a second. The Court does not find this sufficient evidence that Plaintiff attempted to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55(7th Cir. 2007). It is

3

reasonable to expect the Plaintiff to contact at least one more attorney's office, providing a copy of the letter he sent, and received from this attorney. [4] is DENIED. Plaintiff's motions for status [10] and [11] are rendered MOOT by this order.

  6/18/2020
ENTERED

     s/Joe Billy McDade
JOE BILLY McDADE
UNITED STATES DISTRICT JUDGE