# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL JAMES GROMMET, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )  No.: 20-cv-4058-JBM |
| | ) |
| ARAMARK and . ROBERT, | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW – AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files an amended complaint under 42 U.S.C. § 1983, alleging deliberate indifference at the Rock Island County Jail ("Jail"). Plaintiff names Aramark, the food service provider for the Jail and Defendant Thomas Whitehead, position unknown, for deliberate indifference in providing him a high soy diet. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff is a pretrial detainee who was held at the Jail from May 28, 2019 through April 9, 2020. Plaintiff complains that during this time, he gained 80 pounds. He believes this was caused by the allegedly high soy diet provided by Aramark, a company contracted by the Jail to provide food services to inmates. Plaintiff alleges that high soy diets are inherently harmful and

1

that inmates in the Illinois Department of Corrections ("IDOC") have successfully sued for the elimination of high soy diets. Plaintiff claims that the diet at the Jail violates unidentified IDOC standards which require that inmates be provided "healthy meals within the required daily calorie requirement." Plaintiff is "seeking financial compensation for unhealthy weight gain and injunctive relief in the form of dietary changes and termination of the Aramark contract." [ECF 15 at 2].

## ANALYSIS

Plaintiff is a pretrial detainee rather than a convicted prisoner so his § 1983 claim is reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17 (2nd Cir. 2017). A detainee's Fourteenth Amendment claim is reviewed under an objective rather than subjective standard. *Miranda v. County of Lake*, 900 F.3d 335, 2018 WL 3796482, at *9 (7th Cir. 2018). Under this standard, a pretrial detainee need only establish that the defendant's conduct was objectively unreasonable, not that defendant was subjectively aware that it was unreasonable. *Id.* at *9. Even under the objective standard, however, Defendant's actions must be deliberate, purposeful or knowing, negligence is not enough. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015).

To successfully plead a § 1983 claim a plaintiff "must allege that the person who has deprived her of the right acted under color of state law." *Brandenberger v. Norfolk S. R. Co.*, No. 10-117, 2010 WL 2346339, at *1 (N.D. Ind. June 7, 2010) (internal citation omitted). Defendant Aramark, is a private corporation which, generally speaking, will not be considered as acting under color of law for purposes of § 1983 liability. *See Bell v. City of Country Club Hills*, 841 F.3d 713, 717 (7th Cir. 2016) (to proceed under § 1983, a plaintiff must allege that the defendant deprived him of a federal constitutional right while acting under color of state law).

2

Here, Plaintiff has not particularly pled that Aramark was acting under color of law. However, when a private entity exercises governmental power, it may be found to be acting under color of law. *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014). *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (applying municipal liability to private corporations performing governmental functions). *See Owens v. Shah*, No. 15-01140, 2016 WL 1070992, at *6 (S.D. Ill. Mar. 18, 2016) (food Services provider was " treated as a municipality for purposes of § 1983 liability."); *Rosario v. Cantina Food Services*, No. 15- 01002, 2015 WL 5782342, at *2 (S.D. Ill. Oct. 5, 2015); *Oliphant v. Cook County Dept. of Corr.*, No. 09-3876, 2012 WL 3835818, at *1 (N.D. Ill. Sept. 4, 2012).

For liability to attach, however, the corporate Defendant must have injured Plaintiff through an unconstitutional policy or practice. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978) (municipality liable will attach where constitutional injury resulted from a municipality's policy or practice). Plaintiff makes no such allegations here. Furthermore, it does not appear that he could successfully plead that his 80 lb. weight gain was caused by an Aramark policy. Contrary to Plaintiff's assertion, courts have generally found that soy-rich diets do not violate the constitution. *See Munson v. Gaetz*, 957 F. Supp. 2d 951, 954 (S.D. Ill. 2013) (defendants were entitled to qualified immunity as to claims regarding high soy diet "[a]s there is no case law finding that soy-rich diets violate the constitution, no defendant would be informed that providing a high-soy diet violates an inmate's constitutional rights.") *See also, Adams v. Talbor*, 13-2221, 2013 WL 5940630, at *2 (C.D. Ill. Nov. 6, 2013) (dismissing claim at merit review, determining that a soy-based diet was not cruel and unusual punishment so as to state an Eighth Amendment claim). While there is a line of cases finding soy-rich diets

unconstitutional when provided to those with soy allergies or other contraindicating conditions, Plaintiff makes no such allegations here.

Plaintiff named Food Supervisor Roberts in his original complaint and has not repled against him. Instead, Plaintiff names Aramark and "Thomas Whitehead, et al." it might be that Mr. Whitehead is a principal at Aramark, but this is not clear as Plaintiff neither identifies him nor directs any allegations against him. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir.2005) (citations omitted). Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998). Plaintiff does not plead anything to support that Defendant Whitehead was aware of his diet issues so as to establish Defendant's personal liability and he is DISMISSED.

While Plaintiff might otherwise be given an opportunity to replead, this would be futile as Plaintiff has not pled facts which would support a constitutional violation. *See Moore v. State of Ind.*, 999 F.2d 1125, 1128 (7th Cir. 1993) (denying leave to amend where an "amended complaint could not withstand a motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted.") Here, the Court has been unable to find any case where a prisoner was allowed to pursue a constitutional claim due to weight gain associated with a soy-rich diet. The amended complaint is therefore DISMISSED for failure to state a claim.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile as

4

Plaintiff cannot state a constitutional claim under this set of facts. This case is closed, and all pending matters vacated. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

3) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee regardless of the outcome of the appeal.

_2/10/2021_  
ENTERED

s/Joe Billy McDade  
JOE BILLY McDADE  
UNITED STATES DISTRICT JUDGE